UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEB SIPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:12-cv-1064- SEB-TAB |
| vs. ) | |
| ) | |
| DECATUR COUNTY SHERIFF and ) | |
| JOHN DOES/JANE DOES, Officers, ) | |
| ) | |
| Defendants. ) | |

### **ENTRY GRANTING DECATUR COUNTY SHERIFF'S MOTION TO DISMISS**
(Docket No. 18)

This action arises out of Plaintiff's pre-trial detention in the Decatur County Jail on or about September 17, 2010 and involves Plaintiff's claims, filed under 42 U.S.C. § 1983, that several of the jailers there, whose names are unknown to him, used excessive force against him in violation of his federal constitutional rights. Now before the Court is the Decatur County Sheriff's Motion to Dismiss.

As a preliminary matter, we observe that the Sheriff's Motion to Dismiss was filed on April 16, 2013 . Pursuant to Local Rule 7-1(c)(2)(A) and Fed. R. Civ. P. 6(d), Plaintiff's response was due on or before May 3, 2013. As of today, however, Plaintiff has filed neither a response nor a motion for extension of time to respond. The Sheriff's motion is, thus, ripe for ruling.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). The Sheriff asserts that Plaintiff's Complaint must be dismissed because it fails to state any claims against him in either

his individual or official capacities. We agree.

The only mention of the Sheriff in the entirety of Plaintiff's Complaint is the reference to his title in the caption – i.e., "Decatur County Sheriff." The law is clear that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption of the complaint. Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998); Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.") Because the body of Plaintiff's Complaint does not allege any acts, omissions or other conduct on the part of the Sheriff, Plaintiff's Complaint fails to state a claim against the Sheriff in his individual capacity.

Plaintiff's Complaint also fails to state a claim against the Sheriff in his official capacity. A claim against a person in his or her "official capacity" is an alternative way of asserting a claim against a governmental entity, and in order to properly state a claim against a governmental entity, a plaintiff must allege that an official policy, practice or custom not only caused the constitutional violation, but was also the "moving force" behind it. Estate of Sims v. County of Bureau, 506 F.3d 509, 514 (7th cir. 2007). Plaintiff's Complaint pleads no such facts suggesting that a policy, practice or custom of the Sheriff's Department led to the alleged constitutional violation. In fact, the words, "policy," "practice" and "custom" do not appear anywhere in Plaintiff's Complaint, not even in boilerplate or conclusory fashion. Without any allegation that an official policy, practice or custom, led to the complained of injury, Plaintiff's Complaint fails to state a claim against the Sheriff in his official capacity.

Finding that Plaintiff's Complaint must be dismissed as to the Sheriff in both his individual and official capacities, we turn to the question of whether Plaintiff's case can proceed against the

unidentified John and Jane Doe defendants. It cannot. As the Seventh Circuit Court of Appeals has recognized, "it is pointless to include lists of anonymous defendants in federal court [because] this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15." <u>Wudtke v. Davel</u>, 128 F.3d 1057, 1060 (7th Cir. 1997).

For the reasons stated above, the Sheriff's Motion to Dismiss is GRANTED and this action is DISMISSED without prejudice in its entirety.

IT IS SO ORDERED.

Date: 09/04/2013

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com